IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01225-MSK-BNB
(Consolidated with 04-cv-01226-MSK-BNB)

MALIK M. HASAN, M.D., an individual, and
SEEME G. HASAN, an individual,

Plaintiffs,

v.

GOLDMAN SACH 1998 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACH 1999 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT PARTNERS, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT, INC., a Delaware corporation,
THE GOLDMAN SACHS GROUP, INC., a Delaware corporation,
GOLDMAN, SACHS & CO., a New York limited partnership,
JOHN DOES 1-100, individual persons whose true identities are unknown, and
LENDER PARTIES 1-100, business entities whose true identities are unknown,

Defendants.
_____

**ORDER**
_____

This matter is before me on **The Named Defendants' Motion to Set Deadline for Disclosures From Plaintiffs' Experts or Alternatively for Other Relief** (the "Motion to Compel"), filed July 26, 2005, and the **Named Defendants' Motion for Forthwith Hearing** (the "Motion for Hearing"), filed July 27, 2005.[1]  I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

The plaintiffs have identified one expert, Paige Doherty, who will testify at the arbitrability hearing on September 21-22, 2005.  At the hearing this afternoon, counsel for the plaintiffs stated that no other expert has been retained or identified.  Accordingly, in view of the

---

[1] Both motions were referred to me for determination on August 22, 2005.

imminency of the arbitrability hearing and the inability of the Named Defendants to respond to any expert not disclosed as of today, I concluded that the plaintiffs should be limited to the single expert so far identified.  See Koch v. Koch Industries, Inc., 203 F.3d 1202, 1222 (10th Cir. 2000).  In particular, the disclosure of an expert witness other than Ms. Doherty at this point, less than one month before the hearing, would constitute surprise to the Named Defendants.  That surprise is not reasonably cured because there is insufficient time between today and the arbitrability trial for the Named Defendants to learn the additional expert's opinions, depose the additional expert, and obtain their own expert in rebuttal to the additional expert.  To allow the late designation by the plaintiffs of an additional expert creates the risk that the September 21, 2005, arbitrability trial might have to be vacated, which would be a substantial disruption to the orderly and efficient trial of this case and to the docket of the court in general.  The plaintiffs have known of the Motion to Compel for more than one month. Their failure to identify today any additional experts or areas of expertise necessary for the arbitrability trial is willful conduct.

IT IS ORDERED that the Motion to Compel is GRANTED.  The plaintiffs have identified Paige Doherty as their expert.  They shall make their Rule 26(a)(2) disclosures concerning Ms. Doherty on or before **September 7, 2005**.  The Named Defendants shall make their expert, Donald J. Vacca, available for deposition in Denver, Colorado, on **September 13, 2005**.  The plaintiffs shall make Ms. Doherty available for her deposition in Denver, Colorado, immediately following the deposition of Mr. Vacca, but in any event on or before **September 14, 2005**.  No other experts shall be allowed.

IT IS FURTHER ORDERED that the Motion for Hearing is DENIED AS MOOT in view of the hearing held today.

Dated August 29, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge