IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01225-MSK-BNB
(Consolidated with 04-cv-01226-MSK-BNB)

MALIK M. HASAN, M.D., an individual, and
SEEME G. HASAN, an individual,

Plaintiffs,

v.

GOLDMAN SACH 1998 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACH 1999 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT PARTNERS, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT, INC., a Delaware corporation,
THE GOLDMAN SACHS GROUP, INC., a Delaware corporation,
GOLDMAN, SACHS & CO., a New York limited partnership,
JOHN DOES 1-100, individual persons whose true identities are unknown, and
LENDER PARTIES 1-100, business entities whose true identities are unknown,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1) **The Named Defendants' Expedited Motion Regarding Deposition of Kathleen Eskola** (the "Expedited Motion"), filed August 31, 2005; and

(2) Plaintiffs' **Motion for Protective Order**, filed September 1, 2005.

The Expedited Motion is GRANTED and the Motion for Protective Order is DENIED.

At issue is the deposition of Kathleen Eskola. Ms. Eskola formerly was an employee of defendant Goldman Sachs & Co, but is no longer employed by any of the defendants. She resides in the Houston, Texas, area. Consequently, the defendants do not control Ms. Eskola in order to obtain her attendance at a hearing in Denver as a part of her job responsibilities, and

they cannot compel her appearance in court in Denver by a subpoena.

The case is set for a hearing on the issue of arbitrability on September 21-22, 2005. The defendants argue that Ms. Eskola's testimony is necessary in connection with the issue of whose handwriting appears on an exhibit--Exhibit 10A--which is relevant to the issue of arbitrability. Because they cannot obtain Ms. Eskola's voluntary appearance at the hearing nor compel her appearance, the defendants have noticed Ms. Eskola's deposition to occur in Houston, Texas, on September 12, 2005.

The plaintiffs seek a protective order that the discovery not be had, advancing three arguments: first, that Ms. Eskola's deposition on September 12, 2005, is beyond the September 10, 2005, discovery cut-off date set by the district judge; second, that the deposition in Houston is unduly burdensome because the parties already have traveled to Houston and conducted depositions in June 2005; and third, that plaintiffs' counsel is not available on September 12, 2005, to participate in the deposition.[1]

As the defendants point out, the September 10 discovery cut-off set by the district judge falls on a Saturday. In addition, I already have ordered certain discovery to occur on September 13-14, 2005, to accommodate the parties' needs. Finally, I find that good cause exists to extend the discovery cut-off through September 10, 2005, to allow the deposition of Ms. Eskola. The significance of her testimony was only recently discovered, see Expedited Motion at ¶9, and the parties are acting diligently under the pressures of an imminent hearing

---

[1]The plaintiffs also argue that the defendants failed to comply with D.C.COLO.LCivR 30.1A by noticing Ms. Eskola's deposition without first attempting in good faith to schedule the deposition by agreement at a reasonably convenient time and place. This argument is flatly contradicted by a series of e-mails, attached to the Expedited Motion as Exh.B, in which defendants' counsel fully complied with the requirements of the local rule.

date.  Under these facts, good cause exists to extend the discovery cut-off by two days, to and including September 12, 2005, for Ms. Eskola's deposition.

Nor am I persuaded that the deposition is unduly burdensome.  This is a significant securities fraud case in which the plaintiffs seek damages in excess of $10 million.  Scheduling Order, entered December 14, 2004, at p.10.  I am informed that the deposition of Ms. Eskola is important to issues to be tried at the arbitrability hearing.  Moreover, I am persuaded that the importance of Ms. Eskola's testimony was not known at the time of the June 2005 depositions in Houston.  Consequently, even though it is a second trip to Houston for depositions, under the circumstances it is not unduly burdensome.  Finally, to mitigate any burden on the plaintiffs, I will allow them to attend Ms. Eskola's deposition by telephone or video-conference, if they prefer.

Finally, I will not prevent the deposition from occurring merely because the plaintiffs' lead counsel (Mr. Merrick) is not available.  First, I note that the issue of Mr. Merrick's availability was not raised in the e-mail exchange when Ms. Eskola's deposition was being scheduled.  In any event, Mr. Merrick has been assisted in this case by other lawyers in his law firm who are competent to handle the topic to be addressed in Ms. Eskola's deposition.

IT IS ORDERED that the Expedited Motion is GRANTED and the Motion for Protective Order is DENIED.  The deposition of Ms. Eskola shall proceed as noticed in Houston, Texas, on September 12, 2005.

Dated September 8, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge