IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01225-MSK-BNB
(Consolidated with 04-cv-01226-MSK-BNB)

MALIK M. HASAN, M.D., an individual, and
SEEME G. HASAN, an individual,

Plaintiffs,

v.

GOLDMAN SACH 1998 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACH 1999 EXCHANGE PLACE FUND, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT PARTNERS, LP, a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT, INC., a Delaware corporation,
THE GOLDMAN SACHS GROUP, INC., a Delaware corporation,
GOLDMAN, SACHS & CO., a New York limited partnership,
JOHN DOES 1-100, individual persons whose true identities are unknown, and
LENDER PARTIES 1-100, business entities whose true identities are unknown,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Motion for Partial Reconsideration of Order Denying the Plaintiffs' Motion for Protective Order** (the "Motion for Reconsideration"), filed September 9, 2005. The Motion for Reconsideration was referred to me today for determination. It is DENIED AS MOOT.

On Thursday, September 8, 2005, I entered an order denying the plaintiffs' motion for a protective order which sought to preclude the deposition of Kathleen Eskola. Ms. Eskola's deposition was noticed to occur on Monday, September 12, 2005, at 12:00 noon Central Time.

Ms. Eskola formerly was an employee of defendant Goldman Sachs & Co, but no longer is employed by any of the defendants. She resides in the Houston, Texas, area. Her testimony is sought in connection with a hearing on the issue of arbitrability, set to occur in Denver on September 21-22, 2005.

The motion for protective order asserted three grounds. First, the plaintiffs argued that Ms. Eskola's deposition on September 12, 2005, was beyond the September 10, 2005, discovery cut-off date set by the district judge; second, that the deposition in Houston was unduly burdensome because the parties already had traveled to Houston and conducted depositions in June 2005; and third, that plaintiffs' counsel was not available on September 12, 2005, to participate in the deposition. The Motion for Reconsideration raises only the third issue, and seeks an order that Ms. Eskola's deposition occur on a date other than September 12, 2005.

Significantly, the Motion for Reconsideration was filed late in the afternoon on Friday, September 9, 2005, and Ms. Eskola's deposition was set to occur on the following Monday at mid-day. The plaintiffs took no action to expedite the determination of the Motion for Reconsideration or to identify its urgency. Consequently, by the time the Motion for Reconsideration was brought to my attention, I presume that the Ms. Eskola already had been deposed. See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 657 (D. Colo. 2001)(holding that a discovery ruling by a magistrate judge is not stayed pending the determination of an objection to the district judge). Accordingly,

IT IS ORDERED that the Motion for Reconsideration is DENIED AS MOOT, the contested deposition already having been taken.

Dated September 12, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge