IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-MK-1225 (BNB) (Consolidated with 04-MK-1226 (BNB))

MALIK M. HASAN, M.D.,
SEEME G. HASAN,

      Plaintiffs,

v.

GOLDMAN SACHS 1998 EXCHANGE PLACE FUND, L.P., a Delaware limited partnership,
GOLDMAN SACHS 1999 EXCHANGE PLACE FUND, L.P., a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT PARTNERS, L.P., a Delaware limited partnership,
GOLDMAN SACHS MANAGEMENT, INC., a Delaware corporation,
THE GOLDMAN SACHS GROUP, INC., a Delaware corporation,
GOLDMAN, SACHS & CO., a New York limited partnership,
JOHN DOES 1-100, individual persons whose true identities are unknown,
LENDER PARTIES 1-100, business entities whose true identities are unknown,

      Defendants.

---

## ORDER DENYING MOTIONS TO DISMISS (#88, #90), WITHOUT PREJUDICE

---

      THIS MATTER comes before the Court on two motions to dismiss **(#88, #90)** filed by

the Defendants.  Having considered both motions, the Court

      **FINDS** and **CONCLUDES** that:

      The Plaintiffs assert fifteen claims for relief in their Second Amended Complaint: (1) a

violation of the Securities Exchange Act, Section 10(b) and Rule 10b-5; (2) a violation of the

Colorado Securities Act; (3) common law fraud and deceit; (4) a violation of the Colorado

Organized Crime Control Act; (5) breach of fiduciary duties; (6) gross negligence; (7) intentional

interference with prospective business advantage; (8) civil conspiracy; (9) breaches of contract;

(10) breaches of the implied covenant of good faith and fair dealing; (11) breach of contract - third

party beneficiary; (12) a violation of the Colorado Consumer Protection Act; (13) unjust

enrichment; (14) declaratory judgment - indemnification; and (15) appointment of receiver with

designated powers.  These claims are premised upon allegations that the Defendants solicited the

Plaintiffs to purchase limited partnership units in the 1998 and 1999 Exchange Funds, made

representations to the Plaintiffs regarding the advantages of this investment, failed to fully

disclose material facts which would have affected the Plaintiffs' decision to invest, and failed to

act in the best interest of the 1998 and 1999 Exchange Funds and the Plaintiffs.

The Defendants seek to dismiss all of the Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6)

and (9).  They argue that: (1) all claims are barred either by the statute of limitations or the

doctrine of laches; (2) all claims fail to state claims for relief; (3) the Plaintiffs allege no facts

supporting claims against Defendant Goldman Sachs Group; and (4) the Plaintiffs have failed to

plead fraud with particularity.

This matter has been set for a two-day evidentiary hearing to determine whether the

parties agreed to arbitrate the Plaintiffs' claims.  As a result, a ruling on the merits of the motions

to dismiss would be advisory and, therefore, improper.

**IT IS THEREFORE ORDERED** that the motions to dismiss **(#88, #90)** are **DENIED**,

without prejudice.  The Defendants may renew these motions or file an Answer within 10 days

after the Court determines whether the parties agreed to arbitrate.

Dated this 16th day of September, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge